## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

Lourdes M. Negron Mercado

        Plaintiff

        Vs.            Civil No.

Hon. Roberto Ramirez Kurts Mayor of the
City of Cabo Rojo, Anissa Bonilla Irizarry
Human Resources Interim Director of the City
of Cabo Rojo, Luis Rodriguez, Director of
the Office of Federal Program for the City of
Cabo Rojo, in their official and personal
capacity, The Municipal Government of
Cabo Rojo and John Doe and Jane Doe

        Defendants

----------------------------------------------------------------

## COMPLAINT

**TO THE HONORABLE COURT**:

    **COMES** now Plaintiff through the undersigned attorney, and respectfully alleges and prays:

### PLEADINGS COMMON TO ALL COUNTS OR CAUSES OF ACTION

### Jurisdiction of this Honorable Court

    l.- The jurisdiction of this Court is invoked pursuant to the provisions of Title 28 United States Code, Sections l343(3) (4); Title 42 United States Code, Sections l983; and the First and Fourteenth Amendments to the Constitution of the United States.

    2.- This complaint is an action under 42 USC, Section l983, based on the deprivation of plaintiff civil and constitutional rights guaranteed by the Constitution and Laws of the United States, by the defendants.

3.- This Honorable Court also has jurisdiction pursuant to 28 U S C § 1367 and the Bill of Rights of the Constitution of the Commonwealth of Puerto Rico, Sections 1, 4, 6 and 7 of Article II.

### Type of Proceedings

4.- Plaintiff's claim is twofold; first she prays for a mandatory injunction under Federal Rule of Civil Procedure Number 65, ordering the defendants to reinstate her in the position she held before the illegal dismissal. The sole reason for said dismissal was plaintiff's political affiliation which deprived her of her Civil and Constitutional Rights as stated in this Complaint. Plaintiff demands that defendants be enjoined from discriminating against her, because of her political beliefs.

5.- It is also a suit for compensatory damages arising from the political persecution to which plaintiff was subjected to by defendants.

6.- The facts hereinafter alleged in this Complaint constitute violations of Plaintiffs protected rights under the First and Fourteenth Amendments to the Constitution of the United States.

7.- The facts hereinafter alleged in this complaint constitute violations of plaintiff's protected rights under Sections I, 4, 6 and 7 of Article II of the Constitution of the Commonwealth of Puerto Rico.

8.- The facts set out hereinafter in this complaint are actionable under the Constitution of the Commonwealth of Puerto Rico and the Laws of the Commonwealth of Puerto Rico, 31 L.P.R.A. 5141, Art. 1802, Puerto Rico Civil Code.

**State Remedies Invoked Under 42 USC l988
and Pendent Jurisdiction**

9.- Whether liability be predicated under the Federal Civil Rights Act or under the Constitution and Laws of the Commonwealth of Puerto Rico, all the liability arises from a common nucleus of operative facts.

10.- Under 42 USC l988 and **Sullivan v. Little Hunting Park**, **Inc.**, **396 U.S. 229 (l969)** the Court should extend the protection afforded by the Commonwealth of Puerto Rico to its employees, for said policy is in furtherance of the public policy established by Congress for persons who have been deprived of their civil rights and who have prosecuted their actions under 42 USC l983.

11.- Plaintiff invoke the pendant jurisdiction of this Honorable Court with respect to all claims under the Constitution and Laws of the Commonwealth of Puerto Rico.

**Claims for Relief**

12.- At all times herein mentioned, and in all matters complained of herein, the defendants, and each of them acted in full knowledge that they were violating the rights of Plaintiff as protected under the Constitution and the Laws of the United States.

13.- The law with respect to defendants conduct, and the conduct of each and every one of them, was clearly established as illegal and violative of plaintiff rights under the Constitution and Laws of the Commonwealth of Puerto Rico.

14.- The action of the defendants was solely motivated by plaintiff political beliefs, Plaintiff having been satisfactorily performing her duties and there existing no other cause for the political persecution that plaintiff was subjected to.

15.- Plaintiff is affiliated to the New Progressive Party and has publicly expressed

3

her support to the New Progressive Party candidates in the primaries and in the elections held in November of 2016. Because of her political beliefs, plaintiff was subjected to political persecution by defendants.

16.- Plaintiff political belief were known to defendants at all times relevant to this complaint. Plaintiff political beliefs and her association with persons of similar beliefs are activities protected by the First and Fourteenth Amendments to the Constitution of the United States of America.

17.- Plaintiff, Lourdes M. Negron Mercado was an employee of the Municipal Government of Cabo Rojo and held the position of Administrative Assistant. She began working for the Municipal Government of Cabo Rojo on February 9th, 2005.

18.- Dignity is an inviolable right that is guaranteed by the United States Constitution as well as the Puerto Rico Constitution.

19.- Defendants acted against plaintiffs without charges, without notice and without a hearing.

20.- The acts of the defendants were done deliberately, knowing that it was unlawful, with the bad faith knowledge that they were violating plaintiff' federally secured rights.

21.- Plaintiff is entitled under the Laws of the Commonwealth of Puerto Rico to be free from the obligation of mitigation of damages under such circumstances as are herein above set forth.

22.- Plaintiff is entitled to damages for violation of her Constitutional Rights plus damages for her actual losses, and for her pain, suffering, anguish and humiliation.

23.- Plaintiff is entitled to a finding that the position she held did not require political

loyalty or identification and that plaintiff political affiliation was not a proper requirement for the performance of her duties and responsibilities. Plaintiff is also entitled to a finding that her dismissal was politically motivated and as such a violation of her Federal and State, Constitutionally Protected Rights as well as the rights guaranteed to her by State Law.

24.- Defendants, and each of them, have been obstinate in fomenting this litigation.

25.- Defendant Roberto Ramirez Kurts is the Mayor of the City of Cabo Rojo and as such is the nominating authority of the Municipal Government of Cabo Rojo. He is also the President of the Popular Democratic Party in the City of Cabo Rojo.

26.- Defendant Anissa Bonilla Irizarry is the Interim Director of Human Resources for the Municipal Government of Cabo Rojo and an active member of the Popular Democratic Party.

27.- Defendant Luis Rodriguez is the Director of the Office of the Federal Program and an active member of the Popular Democratic Party.

28.- Defendants John Doe, Jane Doe, Richard Doe and others, are fictional names of unknown defendants which will be included once their names are discovered.

29.- All defendants are citizens of the Commonwealth of Puerto Rico.

30.- The present action is directed to all named defendants, in their official capacity and in their personal capacity as individuals.

31.- An action by defendant Mayor Ramirez Kurts as the nominating authority of the Municipal Government of Cabo Rojo, constitutes the official policy of the Municipality and as such the Municipal Government of Cabo Rojo is liable to plaintiff.

32.- Under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and the Equal Protection Clause contained in Article II, Section 7 of the Commonwealth Constitution, equal rights should be extended to Plaintiff.

33.- Pursuant to the provisions of 42 USC, Section 1988 Plaintiff, should she prevail on any issues herein, is entitled to reasonable attorneys' fees in this action.

34.- Pursuant to the provisions of Title 32, Rules of Civil Procedures of the Commonwealth of Puerto Rico, App. II, Rules 44.1(d) and 44.3(b), plaintiff is also entitled to attorneys' fees for the defendant's obstinacy and pre-judgment interest from the date of the filing of this complaint.

### Specific Facts Relevant to this Claim

35.- Plaintiff is active member of the New Progressive Party and she was active in the elections and in the internal primaries of the New Progressive Party that were held in 2016 in the City of Cabo Rojo. Activity which is protected by the First and Fourteenth Amendments of the Constitution of the United States and the Bill of Rights of the Constitution of the Commonwealth of Puerto Rico.

36.- Plaintiff political affiliation is well known to defendants.

37.- On 2016 primaries and elections were held in Puerto Rico. In the city of Cabo Rojo plaintiff supported Mr. Jorge Morales Wiscovich for the position of mayor first in the primaries and then in the elections against defendant Roberto Ramirez Kurts. Morales Wiscovich won the primaries and became the candidate for the New Progressive Party. Ramirez Kurts was the candidate for the reelection as mayor for the Popular Democratic Party. Roberto Ramirez Kurts won the election.

38.- Around late February 2016 in a casual meeting that plaintiff had with

defendant Ramirez Kurts when she was leaving from the City Hall, to her surprise defendant Ramirez Kurts admonished her that his employees were prohibited from participating in political activity. When plaintiff asked him what he was referring to he simply told her that she could not have two masters and she has to choose between "Jorgito" referring to Jorge Morales Wiscovich or her job with him.

39.-At the time of the incident related in the previous averment plaintiffs had a contract as a transitory employee with the Municipal Government of Cabo Rojo working the Office of the Federal Program under the Community Development Grant (CDBG). She was in charge of the housing rehabilitation program.

40.- Plaintiff Lourdes M. Negron Mercado had performed her duties and responsibilities in the position that she held in the Municipal Government of Cabo Rojo in an excellent manner. She never had any complaints as to her performance.

41.- Plaintiff political affiliation was not and is not a proper requirement for the performance of the position that plaintiff held at the Municipality of Cabo Rojo.

42.- Two or three days after the incident referred to in averment 38 codefendant Luis Rodriguez  came to plaintiff and asked her if she had a discussion or argument with the Mayor. Plaintiff informed codefendant Rodriguez of the incident days before with the Mayor and Rodriguez told her that the Mayor was in a bad mood because of problems within his party, and that it was best if she reframed from her active participation in the New Progressive Party primaries. Plaintiff didn't answer and continued performing her work.

43.- During the Primary process that was taking place in the first months of 2016 plaintiff continued her active support of Jorge Morales Wiscovich as a candidate for

Mayor for the New Progressive Party. She was in charge of recruiting the personnel that was to work in the Electoral Colleges and was also one of the Directors of Morales Wiscovich political campaigning. All this was done during the time that she was not working from the Municipal Government of Cabo Rojo.

44.- On March 7th, 2016 she received a bald letter addressed to her and signed by codefendant Anissa Bonilla Irizarry notifying her of her dismissal. The letter had two paragraphs the first one was one sentence stating that her transitory appointment ends on March 11th, 2016 (su nombramiento transitorio termina el 11 de marzo de 2016). The second paragraph was a stereotype two sentence paragraph thanking her for her service and wishing her well in future jobs. Plaintiff was the only Municipal employee that received a dismissal or termination of appointment letter on March 7th, 2016.

45.- On that same day plaintiff asked codefendant Luis Rodriguez why she was being dismissed and he informed her that those were the instructions from the Mayor and called her attention to the "advice" that he had given her as to not continue her support to the New Progressive Party candidates. Plaintiff began to cry and fellow employees came to comfort and support her. She was advised to go to codefendant Bonilla Irizarry to inquire about the reasons why she was being terminated. A couple of hours later when she felt composed she went to the Human Resources Office.

46- Plaintiff asked codefendant Bonilla Irizarry for the reason of her termination. She informed her that that was a direct instruction of defendant Roberto Ramirez Kurts that he was very upset because her being an employee of "his Municipal Government" was campaigning against him. Codefendant Bonilla Irizarry told plaintiff that she was the only person that the Mayor has ordered to be terminated and that there was nothing that

she could do.

47.- Plaintiff went then to the Mayor's office and asked his secretary to see the Mayor. The secretary informed the Mayor that plaintiff was asking to see him. The Mayor's secretary informed plaintiff to leave because the Mayor didn't want to speak to him.

48.- Defendant Luis Rodriguez and Anissa Bonilla Irizarry had knowledge and were well aware of codefendant Roberto Ramirez Kurts political discrimination against plaintiff and did nothing to prevent it or correct it. Far from it they became accomplice with their acts by following Mayor Ramirez Kurts illegal instructions of dismissing plaintiff. Neither defendants Bonilla or Rodriguez acted to prevent or correct the acts of Mayor Ramirez Kurts knowing as they should have known that such act was illegal and in violation of plaintiff constitutional protected rights. Because of the action and/or omission defendants Bonilla and Rodriguez consented and became partners in crime with Mayor Ramirez.

49.- There's no valid reason for plaintiffs dismissal other than a harassment and punishment for exercising her rights under the First and Fourteenth Amendments of the Constitution of the United States of America. Defendants actions of dismissing plaintiff solely because of her political beliefs constitutes an intentional and clear violation of plaintiff's Federal and State constitutionally protected rights.

### **Absence of Good Faith**

50.- Defendants in this case, nevertheless, under color of state law, decided to defy the Courts, knowing as they know, that by dismissing plaintiff for her political

affiliation to the New Progressive Party, constitutes a violation of plaintiff's constitutionally protected rights, _Gomez v. Toledo_, 446 U.S. 635, 640 (1980), also,_Gutiérrez Rodríguez v. Cartagena_, 882 F.2d 553 (1st Cir. 1989).

### First Cause of Action

51.- Now appears plaintiff, in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs I to 49, with the same force and effect as if set forth at length herein.

52.-Plaintiff was dismissed for the sole reason of being affiliated and an active member of the New Progressive Party. This constitutes a violation of plaintiff Constitutional Rights. It is a well-established legal doctrine that a violation of a Constitutional Right even for a minimum period of time constitutes an irreparable injury.

53.- The damages caused to plaintiff by defendant's illegal violation of her Federally Protected Rights, are reasonably estimated in the amount of $1,000,000.00. These damages were caused, and will continue to be caused, exclusively by the unconstitutional, illegal, negligent and tortuous acts and omissions of the defendants, rendering them jointly and severally responsible to plaintiff for any award warranted for her damages.

### Second Cause of Action

54.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 49, with the same force and effect as if set forth at length herein.

55.- As a result of defendants' actions, plaintiff has suffered great mental anguish, grief, much anxiety, humiliation, pain and distress.

56.-The damages suffered by plaintiff are evaluated in an amount not less than $1,000,000.00. These damages were caused, and will continue to be caused, exclusively by the unconstitutional, illegal, negligent and tortuous acts and omissions of the defendants, rendering them jointly and severally responsible to plaintiffs for any award warranted for their damages.

### Third Cause of Action

57.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 49, with the same force and effect as if set forth at length herein.

58.- Their acts show defendants did not act in good faith and plaintiff's dismissal was reckless with callous disregard and indifference to the rights of plaintiff and punitive damages should be imposed on defendants jointly and severally which are reasonably estimated in $1,000,000.00.

### Fourth Cause of Action

59.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 49, with the same force and effect as if set forth at length herein.

60.- Plaintiff was subjected to political harassment by defendants, Roberto Ramirez Kurtz, Anissa Bonilla Irizarry, and Luis Rodriguez when they dismissed plaintiff because of her political affiliation. As Mayor of the Municipality of Cabo Rojo, defendant Ramirez has done nothing to prevent and or correct the violation of plaintiff's constitutionally protected rights. Defendant Anissa Bonilla Irizarry as Interim Human Resources Director did nothing to prevent and or correct the violation of plaintiff

constitutionally protected rights. Defendant Luis Rodriguez as Director of the office of Federal Program did nothing to prevent and or correct the violation of plaintiff constitutionally protected rights. For this plaintiff feels humiliated and suffered damages that are reasonably estimated in the amount of $1,000,000.00.

### Fifth Cause of Action

61.- Plaintiff request that an Order be issued against the defendants to compensate plaintiff with back pay. Her salary was $1,967.00 monthly as of today back pay amounts to $19,670.00 amount that will increase monthly in $1,967.00 until she is reinstated to the position she held.

### Sixth Cause of Action

62.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 49, with the same force and effect as if set forth at length herein.

63.- Being defendant, Mayor Roberto Ramirez Kurts, the nominating authority of the Municipal Government of Cabo Rojo his actions constitutes the official policy of the Municipality, as such the Municipal Government of Cabo Rojo is liable to plaintiff for all the damages caused to her by defendant's illegal violation of her federally protected rights.

### Seventh Cause of Action

64.- Now appears plaintiffs in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 49, with the same force and effect as if set forth at length herein.

65.- Pursuant to Federal Rules of Civil Procedure Number 65, plaintiff request that an order be issued against defendants in their official capacity, ordering defendants that

plaintiff be reinstated to the position she held before her dismissal.

## Trial By Jury

66.-  A Trial by Jury is requested in all causes of actions.

**WHEREFORE,** plaintiffs respectfully prays this Honorable Court to:

a.   Assume Jurisdiction of this action;

b.   Enter an Order granting a Preliminary and Permanent Injunction prohibiting, restraining and enjoining, the defendants, agents, or anyone acting in concert with them or pursuant to their orders; or, their successors in any representative capacity from violating any Constitutional Rights of the plaintiff;

c.   Enter an Order granting a Preliminary and Permanent Injunction ordering defendants, and each of them, or their agents and successors to give back the position, duties and responsibilities that plaintiff had before their transfer.

d.   Grant plaintiff damages and punitive damages against the defendants, and each of them, jointly and severely;

e.   Accept its pendent and ancillary jurisdiction over the parties and grant plaintiff all her rights under the Constitution and Laws of the Commonwealth of Puerto Rico;

f.   Enter an Order granting plaintiff reasonable attorney's fees, costs and pre-judgment interests;

g.   Grant such other and further relief that to this Honorable Court may deem just and proper.

In Aguadilla, Puerto Rico this   day of February, 2017.

*S/ISRAEL ROLDAN-GONZALEZ*
**ISRAEL ROLDAN-GONZALEZ**
**USDC-PR No. 115602**
**49 Betances Street**
**Aguadilla, P.R. 00603**
**Tel. 891-1359**
**Fax 882-5000**
**irg@roldanlawpr.com**

## UNSWORN STATEMENT UNDER
## PENALTY OF PERJURY

I, Lourdes M. Negron Mercado, of legal age, and residents of Cabo Rojo, Puerto

Rico, solemnly declare that:

That the facts stated in the complaint filed in the United States District Court for the District of Puerto Rico against the Mayor of the City of Cabo Rojo, Roberto Ramirez Kurtz, Anissa Bonilla Irizarry Human Resources Interim Director of the City of Cabo Rojo, Luis Rodriguez Director of the Office of Federal Program for the City of Cabo Rojo, and the Municipality of Cabo Rojo are true and correct and were informed by me to my legal counsel, Israel Roldan Gonzalez.

I declare under penalty of perjury that the foregoing is true and correct.

In Aguadilla, Puerto Rico on the   day of February, 2017.

Lourdes M. Negron Mercado